**BARCO BEVERAGE CORPORATION, et al., Appellants (Plaintiffs),**

v.

**INDIANA ALCOHOLIC BEVERAGE COMMISSION, et al., Appellees (Defendants).**

No. 49A02–8809–CV–343.

Court of Appeals of Indiana, Second District.

May 14, 1991.

Phillip A. Terry, Brian K. Peters, McHale, Cook & Welch, P.C., Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Frank Baldwin, Deputy Atty. Gen., Indianapolis, for Indiana Alcoholic Beverage Com'n.

Phillip J. Ripani, David J. Bodle, Henderson, Daily, Withrow & Devoe, Indianapolis, for Indiana Liquor Stores Ass'n, Inc., Indiana Retail Council, Inc., BeerMart, Inc., Beerco, Inc., and Kebe Enterprises, Inc.

Charles E. Bruess, Stanley C. Fickle, Michael A. Klein, Barnes & Thornburg, Indianapolis, for Anheuser–Busch, Inc.

Edward W. Harris, III, Sommer & Barnard, Indianapolis, Thomas H. Milch, Arnold & Porter, Washington, D.C., for Miller Brewing Co.

BUCHANAN, Judge.

### ON REHEARING

In our original opinion, appearing as *Barco Beverage Corp. v. Ind. Alcoholic Beverage Comm'n* (1990), Ind.App., 563 N.E.2d 658, we upheld in part Rule 28, promulgated by the Ind. Alcoholic Beverage Commission (the Commission), which prohibited producers and wholesalers of alcoholic beverages from agreeing to territorial limitations on the distribution of their products. We sustained the rule as it applied to brewers, vintners and beer and wine wholesalers, but we determined Rule 28 was invalid as it applied to distillers, rectifiers and liquor wholesalers. We now address various petitions for rehearing for the limited purpose of clarifying our earlier holding.

On rehearing the appellants, Barco Beverage Corp., et al. (hereinafter collectively referred to as Barco) are joined by appellees Anheuser–Busch, Inc. (Busch) and the Miller Brewing Company (Miller), who were named defendants in the trial court, but did not appear as appellees in Barco's initial appeal. They take issue with our construction of the word "control" found in Ind.Code 7.1–5–9–2 (1988). In our original decision, we focused on the prohibition of control by brewers and vintners over beer and wine wholesalers as the statutory policy furthered by Rule 28. The absence of a prohibition against control in the statute limiting distiller's and rectifier's interests in liquor wholesalers (IC 7.1–5–9–8) resulted in our conclusion that Rule 28 was invalid as it applied to those producers and wholesalers.

Miller's and Busch's presence on rehearing is contested by the Commission and several trade associations and alcoholic beverage retailers who intervened at trial

and appeared on appeal (hereinafter collectively referred to as the Intervenors). The Commission and the Intervenors (hereinafter collectively referred to as Respondents) claim that Miller and Busch should not be allowed to petition this court for rehearing because they did not file appellate briefs for our original consideration of Barco's appeal. The Respondents cite *U.S. Steel Corp. v. Cicilian* (1962), 133 Ind.App. 249, 181 N.E.2d 538, to support their contentions. In *U.S. Steel*, we concluded that an appellee could not make arguments on rehearing that should have been made in its initial response to the appellant's contentions. Miller and Busch, however, have not made any argument in response to Barco's appellate contentions. Rather, Miller and Busch disagree with contentions made by other appellees and with this court's decision, so *U.S. Steel* is inapplicable. Ind. Rules of Procedure, Appellate Rule 2(B) provides that all parties of record in the trial court are also parties on appeal, therefore Busch and Miller are properly before us. As our Appellate Rules do not contemplate an appellee's reply brief to contentions made by another appellee, and as Busch's and Miller's circumstances are somewhat unique, we allow them to present their arguments.

 Barco, Miller and Busch (hereinafter collectively referred to as Petitioners) claim that IC 7.1–5–9–2 [1] was intended to limit only *financial* control of brewers and vintners over beer and wine wholesalers. They assert that our construction of "control," as well as our reliance on *Jos. Schlitz Brewing Co. v. Central Beverage Co.*

(1977), 172 Ind.App. 81, 359 N.E.2d 566, *trans. denied*, is inconsistent with that intent and contrary to other judicial determinations. They see our opinion as being at odds with the decisions in *BeerMart, Inc. v. Stroh Brewery Co.* (7th Cir.1986), 804 F.2d 409; *Lafayette Beverage Distrib., Inc. v. Anheuser–Busch, Inc.* (N.D.Ind.1982), 545 F.Supp. 1137; and *Anheuser–Busch, Inc. v. Hammons* (S.D.Ind.1984), No.IP79–815–C.[2]

Our examination of those cases does not support their claims. In *BeerMart*, a brewer sought to terminate its distribution agreement with a wholesaler because the wholesaler intentionally sold overage beer in violation of the agreement. The Seventh Circuit concluded that the termination was proper. It distinguished our decision in *Schlitz*, observing that in *Schlitz* the brewer had attempted to control the wholesaler while the brewer in *BeerMart* had terminated the wholesaler's contract because of the wholesaler's willful, fraudulent and deceptive acts. *BeerMart, supra.*

In *Lafayette Beverage*, a brewer also terminated its distribution agreement with its wholesaler due to the sale of overage product. The District Court decided that the brewer had not "controlled" the wholesaler in violation of IC 7.1–5–9–2. The court determined that the brewer had made no effort to control the internal affairs of the wholesaler and that any control exercised by the brewer was necessary for the brewer to maintain the quality and integrity of its products. *Lafayette Beverage, supra.*

In *Hammons*, the brewer terminated the distribution agreement because the whole-

---

**1.** IC 7.1–5–9–2 provides, in pertinent part:

"(a) Except as provided in subsection (c), it is unlawful for the holder of a brewer's permit or for a brewer located outside Indiana that meets the requirements of IC 7.1–3–2–4 and IC 7.1–3–2–5 to hold, acquire, possess, own, or *control*, or to have an interest, claim, or title, in or to an establishment, company, or corporation holding or applying for a beer wholesaler's permit under this title, or in its business.

(b) Except as provided in subsection (c), it is unlawful for the holder of a vintner's permit or for a vintner located outside Indiana to hold, acquire, possess, own, or *control*, or to have an interest, claim, or title, in or to, an

establishment, company, or corporation holding or applying for a wine wholesaler's permit under this title, or in its business."

**2.** The contention by the Intervenors that citation to unpublished decisions of Federal District Courts is improper is without merit. Ind. Rules of Procedure, Appellate Rule 15(A) relates only to unpublished decisions of *this* court. Similarly, Seventh Circuit Rule 53(b)(2)(iv) relates only to unpublished decisions of the Seventh Circuit. citation to unpublished District Court cases is proper, *see Aetna Casualty and Sur. Co. v. Kerr–McGee Chemical Corp.* (7th Cir.1989), 875 F.2d 1252, and not without precedent in Indiana. *See Indiana High School Athletic Ass'n v. Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66.

saler sold its business to third parties without the brewer's consent in contravention of the agreement. In response to the claim by the wholesalers that the brewer had violated IC 7.1–5–9–2 by attempting to control the wholesaler, the court concluded that the brewer had a legitimate interest in deciding who distributed its products. The distribution agreement made clear that the brewer was relying on the personal ability and experience of the original wholesaler and the trial court determined that reserving the right to approve a change of ownership was not unreasonable and did not amount to the exercising of forbidden control. *Hammons, supra.*

We see no inconsistency whatsoever between our original decision and these cases. Neither our decision in *Barco* nor our previous decision in *Schlitz* should be read as preventing brewers from exercising legitimate contract rights. Our holding in *Barco* is limited: territorial limitations are sufficiently significant that the prohibition against control in IC 7.1–5–9–2 justifies the promulgation of Rule 28 by the Commission.

Neither do we agree that our original decision is incongruent with the intent of IC 7.1–5–9–2. The Petitioners see disharmony because, they say, the control prohibited by IC 7.1–5–9–2 is limited to "financial" control, although there is no such express language in that statute. They add that it was not intended to exclude mutually agreeable contractual provisions entered into by independent parties. In its brief, Busch cites a 1941 publication issued by the U.S. Department of Commerce, *State Liquor Legislation,* which is a comprehensive survey of alcoholic beverage legislation enacted after the repeal of the Eighteenth Amendment to the U.S. Constitution. *Busch rehearing brief* at 7–12.

Busch points out that the post-Prohibition legislation, including the legislation enacted in Indiana, "attempted to prevent a recurrence of the evils that were prevalent before prohibition when the large liquor interests controlled, through vertical and horizontal integration, the productive and distributive channels of the industry." *Busch rehearing brief* at 8, *quoting State*

*Liquor Legislation* at 20. Busch continues: "Perhaps foremost among these perceived 'evils' was the so-called 'tied-house,' arrangements under which the manufacturer or wholesaler of alcoholic beverages owned or controlled the retail outlet." *Id.* at 8.

We agree that the prohibition against control in IC 7.1–5–9–2 was intended to limit the influence brewers and vintners could wield when dealing with wholesalers so that the producers could not dominate the distributive channels of the alcoholic beverage industry. We view the prohibition of "control" as including an interdiction against a vertical restraint. The entire thrust of the statute relating to brewers and vintners is to promote separateness, a legitimate legislative objective. The Petitioners' argument that "control" is limited to "financial control" simply exalts form over substance. It is the pernicious influence that is prohibited, not the avenue by which that influence is exerted. Thus, we deny the Petitioners' petitions for rehearing.

SHIELDS, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I do not concur in the opinion on rehearing.

Our opinion may be at odds with the decisions of *BeerMart, Inc. v. Stroh Brewery Co.* (7th Cir.1986), 804 F.2d 409; *Lafayette Beverage Distrib., Inc. v. Anheuser–Busch, Inc.* (N.D.Ind.1982), 545 F.Supp. 1137; and *Anheuser–Busch, Inc. v. Hammons* (S.D.Ind.1984), No. IP79–815–C, however, that is of little moment. Those opinions have no more precedential value than opinions from any other state or the trial bench of Ohio.

I would deny the petition for rehearing without opinion.